**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EUGENE R. HAMPTON,            : | **Hon. Jerome B. Simandle** |
|                    Petitioner, : | Civil No. 05-4331 (JBS) |
|            v.                  : |  |
| JOHN NASH, et al.,             : | **O P I N I O N** |
|                   Respondents. : |  |

**APPEARANCES:**

    EUGENE R. HAMPTON, #07593-007
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey  08640
    Petitioner <u>Pro</u> <u>Se</u>

    DOROTHY J. DONNELLY, Assistant United States Attorney
    CHRISTOPHER J. CHRISTIE,  United States Attorney
    402 East State Street, Room 430
    Trenton, New Jersey  08608
    Attorneys for Respondents

**SIMANDLE, District Judge**

    Petitioner Eugene R. Hampton, incarcerated at the Federal Correctional Institution at Fort Dix as a District of Columbia-sentenced prisoner, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the calculation of his sentence by the Bureau of Prisons ("BOP").  Respondents filed an answer seeking dismissal of the Petition.  Since Petitioner was

released on January 18, 2006, this Court will dismiss the Petition as moot.[1]

## I.   BACKGROUND

Petitioner contends that his 12-year sentence has expired and that his continued incarceration is illegal.  He asserts that the BOP improperly added 366 days to his sentence, refused to deduct four years of good conduct time credits from his sentence, and refused to deduct time from his sentence for participation in a drug treatment program.  Respondents argue that the Petition should be dismissed because Petitioner failed to present his claims to the BOP in the three-step Administrative Remedy Program.  Respondents assert that the BOP correctly calculated Petitioner's projected release date as February 15, 2006.  The BOP concedes that Petitioner's initial 12-year sentence has expired, but maintains that Petitioner also had to serve two consecutive sentences totaling 4,652 days, which the Superior Court for the District of Columbia imposed in 1998 and 2000 for violation of parole.  According to the BOP's online Inmate Locator, Petitioner was released on January 18, 2006.[2]

---

[1] On September 29, 2005, Petitioner filed a Petition for a writ of habeas corpus in the United States District Court for the District of Columbia, which was transferred to this Court and received on December 2, 2005.  See Hampton v. Nash, Civil No. 05-5693 (JBS) (D.N.J. filed Dec. 2, 2005).  As the second petition presents the same claims and asserts the same facts, the Court will administratively terminate that action.

[2] See http://www.bop.gov/iloc2/LocateInmate.jsp (last visited Feb. 2, 2006).

## **II.  DISCUSSION**

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  The status requirement is satisfied where the petitioner is in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because the Petition challenges the duration of Petitioner's confinement in the custody of BOP and Petitioner was in the custody of BOP at the time he filed the Petition.  See Spencer v. Kemna, 523 U.S. 1 (1998).  The question here is whether BOP's release of Petitioner on January 18, 2006, upon expiration of his sentence of imprisonment, caused the

Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution.  See Spencer, 523 U.S. at 7; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. art. III, § 2.  "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In Spencer v. Kemna, supra, the Supreme Court considered whether a habeas petition challenging the revocation of the petitioner's parole became moot when the petitioner's sentence expired.  The Court explained that, because the reincarceration that the petitioner incurred as a result of the allegedly wrongful termination of his parole was over and the petitioner had not proved the existence of "collateral consequences" of the

4

parole revocation, the petition was moot.  See also Preiser v. Newkirk, 422 U.S. 395, 402 (1975).

In this case, Petitioner challenges the calculation of his release date.  When the BOP released Petitioner from custody on January 18, 2006, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7; see also United States v. Johnson, 529 U.S. 53 (2000) (statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment).  Accordingly, the Court dismisses the Petition as moot.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.

 **s/ Jerome B. Simandle**
JEROME B. SIMANDLE, U.S.D.J.

Dated:     **February 2,    , 2006**